Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6078 | **DATE** | 12/13/2001 |
| **CASE TITLE** | Kirsch vs. AFSCME Local 2645 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss for lack of subject matter jurisdiction (3-1) is granted. Judgment is entered in favor of defendant dismissing the case for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 17 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 8 |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | 01 DEC 15 AM 11:02 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICIA J. KIRSCH, )
)
      Plaintiff, )
)
vs. ) Case No. 01 C 6078
)
AFSCME LOCAL 2645 and )
AFSCME COUNCIL 31, )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

    Plaintiff Patricia Kirsch has been employed by the Illinois Department of Human Services for the past fourteen years and has been assigned to the Elizabeth Ludeman Developmental Center for the past eight years. She is a member of AFSCME Local 2645, which is the exclusive bargaining agent for employees at the Center. AFSCME Council 31 oversees the activities of Local 2645.

    In February 2000, Kirsch filed with Local 2645 grievances against her employer challenging disciplinary actions that she claimed were improper. Although Kirsch requested that Local 2645 process the grievances through the third step, the Local and AFSCME Council 31 withdrew all of her grievances in June 2000. The same has occurred with respect to several grievances that Kirsch filed after June 2000. Kirsch did not consent to any of the withdrawals. She has sued Local 2645 and Council 31 for breaching their duty of fair representation. Defendants have moved to dismiss for lack of subject matter jurisdiction.

    Ordinarily a plaintiff in a duty of fair representation case sues both her employer and her



union. In such a "hybrid suit," the plaintiff alleges that her employer breached the collective bargaining agreement and that the union failed in its duty of fair representation in its challenge to the employer's actions. *See generally DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 163-65 (1983). Kirsch has elected not to sue her employer – a course left open to her by *DelCostello, see id.* at 165 – but this does not relieve her of the requirement of proving that the employer breached the collective bargaining agreement. *Id.* at 165.

The likely reason why Kirsch did not sue IDHS is that the Labor Management Relations Act, which provides the basis for a suit against the employer, does not cover state government employers. *See* 29 U.S.C. §152(2) (definition of "employer"); *NAACP, Detroit Branch v. Detroit Police Officers Association*, 821 F.2d 328, 331-32 (6th Cir. 1982). Perhaps Kirsch believed that omitting IDHS as a defendant would make its identity a non-issue. But *DelCostello* says the contrary: the Court stated that the case the employee must prove is the same whether he sues just the employer, just the union, or both of them. *DelCostello*, 462 U.S. at 165. Put another way, an employee's breach of fair representation claim against her union is "inextricably interdependent" with a claim against her employer for breach of the collective bargaining agreement. *McLeod v. Arrow Marine Transport, Inc.*, 258 F.3d 608, 613 (7th Cir. 2001). Though the authority on this precise issue appears sparse, we think that it follows from the fact that a state-government employee cannot sue her employer under the LMRA for breach of a collective bargaining agreement that she cannot sue her union for failing to represent her adequately in her claim against the employer for breach of the agreement. *See Bailey v. Johnson*, No. 90 C 1795, 1990 WL 77508, at *2 (N.D. Ill. May 30, 1990); *Epstein v. County of Sonoma*, No. 90-3514, 1991 U.S. Dist. LEXIS 4935, at *5-6 (N.D. Cal. Apr. 1, 1991). *See generally Jackson v. Temple University*, 721 F.2d 931, 933 (3d Cir. 1983) (holding that subject

matter jurisdiction was lacking over hybrid suit against union and state government employer).[1]

## CONCLUSION

Defendant's motion to dismiss for lack of subject matter jurisdiction [docket item 3-1] is granted. The Clerk is directed to enter judgment in favor of defendant dismissing the case for lack of subject matter jurisdiction.

MATTHEW F. KENNELLY
United States District Judge

Date: December 13, 2001

---

[1] *Epstein* suggests that a proper claim might be made against a union composed of both public and private employees. We need not address this issue, as there is no indication that Local 2645 or Council 31 represents any privately employed persons.